I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL Petr (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 12-11-13

DEPUTY CLERK

FILED
DEC 11 2013
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| DESHON PURVIS,<br>　　　　Petitioner,<br>　　v.<br>DAVID B. LONG, Warden,<br>　　　　Respondent. | Case No. CV 13-3346-RGK (DFM)<br><br>ORDER TO SHOW CAUSE |

On May 10, 2013, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody. Dkt. 1. On September 13, 2013, Respondent moved to dismiss the Petition on the basis that Petitioner has not exhausted his state court remedies with respect to the claim presented in Ground Two of the Petition. Dkt. 17. Petitioner has not filed a timely opposition. See Dkt. 6 at 2 (providing that opposition to motion to dismiss must be filed within 30 days of service of motion).

///
///
///

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in the state courts.[1] Exhaustion requires that the prisoner's contentions be fairly presented to the state courts and be disposed of on the merits by the highest court of the state. See James v. Borg, 24 F.3d 20, 24 (9th Cir. 1994). Moreover, a claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995); Picard v. Connor, 404 U.S. 270, 275-78 (1971). As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. See Rose v. Lundy, 455 U.S. 509, 518-22 (1982). Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982). The Ninth Circuit has held that a federal court may raise the failure to exhaust issue sua sponte and may summarily dismiss on that ground. See Stone v. San Francisco, 968 F.2d 850, 856 (9th Cir. 1992); Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1982) (per curiam); see also Granberry v. Greer, 481 U.S. 129, 134-35 (1987).

It appears that the claim in Ground Two has never been presented to the California Supreme Court. See Notice of Lodging (Dkt. 18), Lodged Document ("LD") 2. If it were nonetheless clear that Petitioner's unexhausted claim was procedurally barred under state law, then the exhaustion

---

[1] 28 U.S.C. § 2254(b)(1) provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."

requirement would be satisfied. See Castille v. Peoples, 489 U.S. 346, 351-52 (1989); Johnson v. Zenon, 88 F.3d 828, 831 (9th Cir. 1996); Jennison v. Goldsmith, 940 F.2d 1308, 1312 (9th Cir. 1991). However, the Court concludes that it is not clear that the California Supreme Court will hold that Petitioner's unexhausted claim is procedurally barred under state law if Petitioner were to raise it in a habeas petition to the California Supreme Court, as such a proceeding is an original proceeding not subject to the same timeliness requirement as a Petition for Review of a Court of Appeal decision. See, e.g., In re Harris, 5 Cal. 4th 813, 825 (1993) (granting habeas relief where petitioner claiming sentencing error, even though the alleged sentencing error could have been raised on direct appeal); People v. Sorensen, 111 Cal. App. 2d 404, 405 (1952) (noting that claims that fundamental constitutional rights have been violated may be raised by state habeas petition). The Court therefore concludes that this is not an appropriate case for invocation of either statutory "exception" to the requirement that a petitioner's federal claims must first be fairly presented to and disposed of on the merits by the state's highest court. See 28 U.S.C. § 2254(b)(1)(B).

Accordingly, Petitioner's inclusion of the claim in Ground Two of his Petition appears to render the Petition a "mixed petition" containing both exhausted and unexhausted claims. Under the total exhaustion rule, if even one of the claims being alleged by a habeas petitioner is unexhausted, the petition must be dismissed. See Rose, 455 U.S. at 522; see also Coleman v. Thompson, 501 U.S. 722, 731 (1991); Castille, 489 U.S. at 349. However, in Rhines v. Weber, 544 U.S. 269, 277 (2005), the Supreme Court held that, in certain "limited circumstances," a district court may stay a mixed petition and hold it in abeyance while the petitioner returns to state court to exhaust his unexhausted claims. Under Rhines, the prerequisites for obtaining a stay while the petitioner exhausts his state remedies are: (1) that the petitioner show good

cause for his failure to exhaust his claims first in state court; (2) that the unexhausted claims not be "plainly meritless"; and (3) that petitioner not have engaged in "abusive litigation tactics or intentional delay." See id. at 277-78.

Here, Petitioner has never requested that the Court hold the Petition in abeyance until after he exhausts his state remedies with respect to his unexhausted claim, let alone purported to make the three necessary showings under Rhines. Per Rhines, where the petitioner has presented the Court with a mixed petition and the Court determines that stay and abeyance is inappropriate, the Court must "allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." See Rhines, 544 U.S. at 278; see also Henderson v. Johnson, 710 F.3d 872, 873 (9th Cir. 2013).

IT THEREFORE IS ORDERED that, on or before January 17, 2014, Petitioner either (a) file a stay-and-abeyance motion if he believes he can make the requisite three showings under Rhines; (b) file an Amended Petition deleting the unexhausted claim; or (c) show cause in writing, if he has any, why this action should not be dismissed without prejudice for failure to exhaust state remedies unless Petitioner withdraws his unexhausted claim.

Dated: December 11, 2013

DOUGLAS F. McCORMICK
United States Magistrate Judge

4